

```
                                                              FILED
                                                          U.S. DISTRICT COURT
                                                       EASTERN DISTRICT ARKANSAS
```

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAN 29 1999

JAMES W. McCORMACK, CLERK
By:_____
                          DEP CLERK

| ADVANCED COMMUNICATIONS CORPORATION, | * |
|---|---|
| Plaintiff, | * |
| vs. | * No. LR-C-98-218 |
| MCI COMMUNICATIONS CORPORATION, | * |
| Defendant. | * |

## ORDER

This case involves circumstances surrounding the issuance and subsequent denial of a permit from the Federal Communications Commission to plaintiff Advanced Communications Corporation ("ACC") allowing ACC to develop satellite orbital locations for the purpose of providing Direct Broadcast Satellite service ("DBS"). The case was originally filed in the Circuit Court of Pulaski County, Arkansas on February 20, 1998, but was removed to this Court by defendant MCI Communications Corporation ("MCI") on March 25, 1998.[1] Thereafter, MCI filed a motion for judgment on the pleadings, and ACC filed a motion for summary judgment. By Memorandum and Order dated September 28, 1998 [doc.#30], this Court granted MCI's motion for judgment on the pleadings and denied ACC's motion for summary judgment as moot. ACC subsequently filed a motion for reconsideration, which this

---

[1] ACC subsequently filed a motion to remand the case to state court. This Court denied ACC's motion to remand by Order dated May 26, 1998, and denied ACC's motion for reconsideration by Order dated July 24, 1998.



Court denied by Order dated October 22, 1998 [doc.#35]. ACC appealed.

After ruling on the motion for reconsideration, this Court discovered that it owned shares of MCI WorldCom Inc. stock and therefore had a conflict of interest when the motions in this case were ruled upon. The Court notified the parties of this fact by letter dated October 29, 1998, and convened a phone conference on the record to discuss the matter on November 18, 1998. During that phone conference, the Court notified the parties that were this case remanded to this Court from the Eighth Circuit, it would vacate the judgment and then recuse from the case in accordance with the decisions in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988), and *Fitzgerald v. Mountain States Telephone and Telegraph Co.*, 60 F.3d 837 (10th Cir. 1995) (unpublished) (text in Westlaw). The Eighth Circuit was apprised of these developments by letter dated November 18, 1998.

On December 30, 1998, the Eighth Circuit issued its Judgment remanding this case to this Court.[2] Accordingly, this Court hereby vacates its Memorandum and Order dated September 28, 1998 [doc.#30], vacates its Judgment dated September 28, 1998 [doc.#31], and vacates its Order dated October 22, 1998 [doc.#35]. This Court hereby recuses from this case and directs the Clerk of the Court to reassign the case by random draw.

IT IS SO ORDERED this 27th day of January 1999.

*[signature]*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Eighth Circuit's Mandate was issued on January 25, 1999, and filed on January 27, 1999.

2

THIS DOCUMENT ENTERED ON DOCKET SHEET IN COMPLIANCE WITH RULE 58 AND/OR 79(a) FRCP ON 1-29-99 BY